### ZINO, vs. THE LOUISIANA INSURANCE COMPANY.

A sentence rendered in a court of admiralty which is appealed from, does not prove a falsification of the warran-

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This action is brought on two policies of insurance, one on the schr. Constitution, and

the other on her cargo, from the port of New-Orleans to Vera Cruz. Both vessel and goods are warranted to be American, and that the former shall not force the blockade.

Eastern Dist:
May, 1827
ZINO,
vs.
LA. INS. Co:

The schooner on approaching, or rather, after having entered the waters of the harbor of Vera Cruz, was taken possession of by an armed vessel of the Mexican Government, libelled and condemned. The vessel, because she wanted the documents necessary to establish her neutral character—the goods, because they were about to be introduced in violation of the blockade.

To a petition stating the loss thus incurred, the defendants pleaded the general issue, and added a special plea, that the plaintiffs had not complied with the warranties contained in the policy.

To support the defence, copies of the proceedings had in the lower court were offered in evidence. They shew that the schooner and cargo were condemned for the causes already mentioned; but they also shew, that an appeal has been taken from that decision, and so far as we know, or can presume, is still pending before the supreme court of Mexico.

*ties contained in the policy. During the pendency of the cause in the admiralty court, the suit between the insurer and insured may be continued for a reasonable time.*

Eastern Dist.
May, 1827.

Zixo,
vs.
La. Ins Co.

In this court the defendants have made three points:

1st. That the plaintiff did not abandon, or that if he did, it was not in due time.

2d. That he has not offered any proof of interest on the objects insured.

3d, And lastly, that the warranties have not been complied with.

The opinion we have formed on the third point renders it unnecessary to give any positive decision on the first and second. Whether there was an abandonment or not, or in other words, whether the plaintiffs can recover for a total or partial loss, need not be examined until the merits can be gone into.

And whether there was sufficient proof of interest, is a question which stands in the same situation with that, in relation to the abandonment. There is proof before us of interest in the cargo, but none in the vessel. This would probably require us to distinguish, if we were about to give final judgment.

But this we cannot now do. The decree of the court of admiralty, which is offered in evidence, as conclusive proof, that there has been a breach of the warranties contained in the policy has been appealed from, and the case is

yet undetermined.　We have looked much in-
to the books that treat of this subject, and can-
not find a single adjudged case, nor the opinion
of any writer in relation to a sentence of con-
demnation, offered under such circumstances
as that which is presented to the court, though
we presume it must have frequently occurred,
that on abandonment after capture, time has
elapsed before judgment; that after judgment
an appeal has been taken, and that while the
cause is thus pending in the court where the
property is libelled, the assurers have attempt-
ed to postpone the decision of their suit with
the assured, until they could learn whether
there was a condemnation or not.

Upon general principles, however, there can
be no doubt, that an appeal from the judg-
ment of the court of the first instance, upon
the sentence, prevents it having the force
of *res judicata*, consequently, it does not prove
a falsification of the warranties in the policy.

The greatest difficulty we have had in the
case, is, what course we should take with the
cause in the situation it now stands before us.—
The evidence does not enable us to pronounce
safely on the merits. In remanding it, due at-
tention should be paid to the right of the plain-

tiffs not to be delayed an unreasonable time for the decision of the case in the court of appeals. And on the other hand, the cause should not be hurried so as to deprive the defendant of the defence which the first judgment may afford them. This matter may, however, be well entrusted to the court below, and it is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the case be remanded for a new trial, and that the appellees pay the costs of this appeal.

*Denis* for the plaintiff, *Grymes* for the defendants.